UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIAN L.,<br><br>                Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. C21-887 TLF<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income (SSI) benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

## I.     ISSUES FOR REVIEW

A. Whether the ALJ Properly Evaluated the Medical Opinion Evidence

B. Whether the ALJ Properly Evaluated Plaintiff's Subjective Symptom Testimony

C. Whether the ALJ Properly Assessed the RFC

## II.     BACKGROUND

On December 31, 2018, plaintiff filed a Title II application for a period of disability and Title XVI application for SSI, alleging in both applications a disability onset date of March 1, 2018. Administrative Record ("AR") 79. Plaintiff's applications were denied

upon official review and upon reconsideration (AR 91, 104, 150, 166). A hearing was held before Administrative Law Judge ("ALJ") Susan Smith on December 2, 2020. AR 36–76. On December 21, 2020, ALJ Smith issued a decision finding that plaintiff was not disabled. AR 12–35.

Plaintiff seeks judicial review of the ALJ's December 21, 2020 decision. Dkt. 11.

### III.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV.  DISCUSSION

In this case, the ALJ found that plaintiff's severe impairments are: multiple sclerosis (MS), mood disorder, and neurocognitive disorder. AR 18. Based on the limitations stemming from these impairments, the ALJ found that plaintiff has the residual functional capacity (RFC) to perform light work. AR 19. Relying on vocational expert ("VE") testimony, the ALJ found at step four that plaintiff could not perform his past relevant work but could perform other jobs that exist in significant numbers in the national economy; therefore, the ALJ determined at step five that plaintiff was not disabled. AR 28-30.

A. <u>Whether the ALJ Properly Evaluated Medical Opinion Evidence</u>

Plaintiff assigns error to the ALJ's evaluation of the medical opinions of Patricia Kraft, Ph.D. and Richard Mesher, M.D. Dkt. 11, pp. 3–14.

    1. <u>Medical Opinion Standard of Review</u>

Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

The Social Security Administration changed the regulations applicable to evaluation of medical opinions; hierarchy among medical opinions has been eliminated, but ALJs are required to explain their reasoning and specifically address how they considered the supportability and consistency of each opinion. *See* 20 C.F.R. § 416.920c; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).

Regardless of whether a claim pre- or post-dates this change to the regulations, an ALJ's reasoning must be supported by substantial evidence and free from legal error. *Ford v. Saul*, 950 F.3d 1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983).

Under 20 C.F.R. § 416.920c(a), (b)(1)-(2), the ALJ is required to explain whether the medical opinion or finding is persuasive, based on whether it is supported and whether it is consistent.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 3

2. Opinion of Dr. Kraft

Patricia Kraft, Ph.D. evaluated plaintiff on November 19, 2019, by reviewing his medical records. AR 141-143, 147-148. She opined that plaintiff retained the capacity to: carry out simple instructions. But she found moderate limitations concerning plaintiff's ability to continuously maintain concentration, persistence, and pace (CPP) for up to two hours; maintain adequate attendance; and complete a normal workday/workweek within normal tolerances of a competitive workplace. AR 148. Dr. Kraft further opined that due to plaintiff's mental health symptoms, there would be occasional interruption in his workday "related to CPP" and he would occasionally miss work. AR 148.

The ALJ found Dr. Kraft's opinion unpersuasive because (1) it was inconsistent with the objective medical evidence, (2) inconsistent with plaintiff's daily activities, and (3) plaintiff refused treatment. Plaintiff argues that the ALJ erred by failing to consider the latter part of Dr. Kraft's opinion—that there would be interruption in his workday related to CPP and that plaintiff would occasionally miss work. Dkt. 11, p. 6.

With regards to the ALJ's first reason, a finding that a physician's opinion is inconsistent with the medical record may serve as a specific and legitimate reason for discounting it. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (An ALJ may give less weight to medical opinions that conflict with treatment notes).

Here, in discounting Dr. Kraft's opinion, the ALJ pointed to evidence of plaintiff's neurological examinations showing intact cognition, memory and concertation within

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

normal limits, and normal mood. AR 493, 551, 557, 607, 724, 783-84, 793, 885, 871, 875, 879, 888-89, 893. Other cited evidence included examinations from five appointments showing plaintiff's intact memory. AR 793, 798, 803, 808, 813. The Court notes that it is specifically stated in these five records that no examinations took place as the appointments were conducted remotely and the results were forwarded from a previous exam for "continuity." But even after taking this into consideration, the evidence cited by the ALJ still substantially supports the finding that Dr. Kraft's opinion was inconsistent with objective medical evidence, therefore the ALJ has provided a valid reason to discount Dr. Kraft's opinion.

Plaintiff contends that in discounting Dr. Kraft's opinion, the ALJ also improperly failed to consider other medical evidence and provides a summary of evidence concerning plaintiff's fatigue and complaints. Dkt. 11, pp. 8–9. However, plaintiff has specifically assigned error only to the ALJ's evaluation of Dr. Kraft's opinion regarding plaintiff's mental health systems affecting his ability to maintain CPP. Accordingly, the Court will not consider plaintiff's other challenges to the ALJ's evaluation of Dr. Kraft's opinion. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)).

Further, because the Court has found that the ALJ relied on substantial evidence in discounting Dr. Kraft's opinion, there is no need for the Court to analyze whether the ALJ committed error by discounting it because it was inconsistent with plaintiff's daily activities or because plaintiff refused treatment. Any errors committed based on those

grounds would be harmless. *See Carmickle*, 533 F.3d at 1162-1163 (inclusion of erroneous reasons is harmless).

      3. <u>Opinion of Dr. Mesher</u>

Richard Mesher, M.D., plaintiff's treating neurologist, evaluated plaintiff on several occasions during the relevant period. Plaintiff specifically challenges the ALJ's evaluation of Dr. Mesher's opinion from October 31, 2019. Dkt. 11, p. 11. In that opinion, Dr. Mesher identified that plaintiff has the following symptoms as a result of his MS diagnosis: fatigue, balance problems, difficulty remembering, depression, difficulty solving problems, and double or blurred vision/partial. AR 618. Dr. Mesher opined that plaintiff's experience of pain, fatigue, and other symptoms will frequently (20% or more of day) interfere with attention and concentration within a competitive, full time work environment. AR 619.

The Commissioner argues that the new Social Security regulations have affected the legal standards an ALJ must use when evaluating medical opinions, and that this Court should abandon the "clear and convincing" and "specific and legitimate" legal standards used for when rejecting opinions of an examining physician. Dkt. 12, pp. 7–8.

The Ninth Circuit has not yet considered the 2017 regulations, or whether the change in regulations will cause the Court of Appeals to reevaluate its holdings regarding the legal standards of "clear and convincing" or "specific and legitimate." The Court is bound by precedent of the Ninth Circuit and may not overrule a decision of the United States Court of Appeals for the Ninth Circuit. *See In re Albert-Sheridan*, 960 F.3d 1188, 1192–93 (9th Cir. 2020) (the decision of a three-judge panel of the Ninth Circuit cannot be overruled by a different three-judge panel; only a decision of the en banc

panel of the Ninth Circuit, or a decision of the United States Supreme Court, may overturn a decision of a three-judge panel of the Ninth Circuit); *In re Walldesign, Inc.*, 872 F.3d 954, 969 (9th Cir. 2017) (unless there is intervening Supreme Court or Ninth Circuit en banc precedent, a legal test that has been adopted by a three-judge panel will not be overturned); *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) (published opinions of a three-judge panel are binding authority in the Ninth Circuit, unless a published opinion is overturned by an en banc decision, or the United States Supreme Court).

The Ninth Circuit has repeatedly held that an ALJ must have specific, legitimate reasons supported by substantial evidence in order to reject or discount the opinion of an examining doctor, if the opinion is contradicted by another doctor's opinion. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995); *Ryan v. Commissioner of Social Sec.*, 528 F.3d 1194, 1198-99 (9th Cir. 2008). The "specific and legitimate reasons" language used by the Ninth Circuit in precedent is an appellate standard – established in *Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983), for determining whether the ALJ erred; it is not an interpretation of the Social Security statutes or the 2017 revisions to the federal regulations promulgated by the Social Security Administration. *Cf. Kisor v. Wilkie*, 139 S.Ct. 2400, 2412-2418 (2019) (explaining the Court gives *Auer* deference only if the agency's rule is ambiguous, the agency's interpretation is reasonable, and it is an authoritative and considered judgment of the agency); *Larson v. Saul*, 967 F.3d 914, 925 (9th Cir. 2020) (recognizing the Social Security Administration has authority to make rules carrying the force of law, under 42 U.S.C. § 405(a)). Therefore, the Social Security Administration's new regulations cannot supersede this long-standing

1 substantive legal standard, which is subject to stare decisis as precedent from the Ninth
2 Circuit Court of Appeals. *See Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM,
3 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding the new regulations do
4 not clearly supersede the "specific and legitimate" standard because the "specific and
5 legitimate" standard refers not to how an ALJ should weigh or evaluate opinions, but
6 rather the standard by which the Court evaluates whether the ALJ has reasonably
7 articulated his or her consideration of the evidence).

In this case, Dr. Mesher's opinion was contradicted by the opinions of state
9 agency consultants. AR 102, 148, 164. The Court will therefore consider whether the
10 ALJ specifically and legitimately explained how the ALJ considered the supportability
11 and consistency factors regarding Dr. Mesher's opinions. *Ryan*, 528 F.3d at 1198–99.

12 Here, plaintiff challenges the ALJ's finding that – Dr. Mesher's opinion is
13 unpersuasive because (1) his own treatment notes, and (2) the objective medical
14 evidence, indicate that plaintiff's symptoms are not as severe as provided in his opinion.
15 Dkt. 11, p. 11–14.

16 With respect to the ALJ's first reason, an ALJ may discount an examining
17 doctor's opinion based on inconsistencies with the doctor's own notes. *See Tommasetti*
18 *v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, the ALJ pointed to a December
19 2019 treatment note by Dr. Mesher describing that plaintiff had "no new neurological
20 symptoms," was "relatively stable neurologically," "alert, oriented, conversant," and "not
21 experiencing a lot of pain at this point." AR 711-12. Yet the ALJ disregards other
22 portions of that note indicating plaintiff continued to experience significant psychological
23 problems. AR 711.

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 8

The ALJ also reasoned that Dr. Mesher's treatment notes failed to mention plaintiff's headaches or profound fatigue—but this is not supported by the record, as his notes often discussed plaintiff's MS symptoms. AR 554-56, 679-70. The ALJ's finding that Dr. Mesher's opinion was inconsistent with his own notes is not substantially supported by the evidence. Accordingly, the ALJ erred in discounting it for that reason.

In discounting Dr. Mesher's opinion based on its inconsistency with the longitudinal record, the ALJ similarly reasoned that the objective medical evidence often lacked notes about plaintiff's fatigue and other MS symptoms. AR 21-28. This is not supported by the record. Much of the objective medical evidence cited by the ALJ is more supportive of Dr. Mesher's opinion—including statements regarding the plaintiff's pain (AR 606, 644, 793), fatigue (AR 793), depression (AR 649-51, 598-99, 733), and anxious mood (AR 488, 723-24). The ALJ's decision to discount Dr. Mesher's opinion for that reason is not supported by substantial evidence, therefore the ALJ committed error in doing so.

B. <u>Whether the ALJ Properly Evaluated Plaintiff's Subjective Symptom Testimony</u>

To reject a claimant's subjective complaints, the ALJ's decision must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. "[B]ecause subjective descriptions may indicate more severe limitations or restrictions than can be shown by medical evidence alone," the ALJ may

not discredit a subjective description "solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

During the hearing, plaintiff testified that his MS symptoms included fatigue, headaches, neck pain, vision problems, depression, and anxiety, and that he experiences on and off paresthesia. AR 43, 51, 53-54. Plaintiff explained that due to his symptoms, he had to close his screen printing business, stopped playing music, and could no longer attend school two weeks after enrolling. AR 43-44, 59–60. Plaintiff testified that his symptoms have also prevented him from being able to drive, and that he often needs help from others to perform daily activities, such as grocery shopping, cooking, and cleaning. AR 55-57.

The ALJ did not fully credit plaintiff's testimony, finding it inconsistent with (1) the objective medical evidence, (2) his daily activities, and (3) his own statements. AR 20, 21-28. Plaintiff assigns error to the ALJ's findings on all these grounds.

With regards to the ALJ's first reason, an inconsistency with the objective medical evidence may serve as a clear and convincing reason for discounting a claimant's testimony. *Regennitter v. Comm'r of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998).

Here, the ALJ reasoned that much of the medical evidence did not mention fatigue, headaches, or pain. AR 21-28. However, a mere "lack of medical evidence cannot form the sole basis for discounting [symptom] testimony." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ also pointed out that the treatment notes that do mention plaintiff's symptoms do not indicate the degree of limitation as alleged by

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 10

plaintiff. AR 27. For example, the ALJ considered a treatment note by Dr. Repovic where plaintiff described having pulsating headaches, but because the note did not mention that plaintiff was bedridden, the ALJ concluded plaintiff's testimony was not credible. *Id.* This is an error, as an ALJ's decision may not reject a claimant's subjective symptom testimony "solely because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

Additionally, the ALJ seems to focus only on certain symptoms while disregarding other symptoms. For example, the ALJ cited to treatment notes that do not discuss plaintiff's fatigue or explicitly state that plaintiff denied headaches. However, those same notes show that plaintiff experienced neck pain, vision problems, and depression. AR 493, 496, 554, 606, 723, 793, 807. Another notable example is the ALJ's citation to a psychological evaluation by Dr. Knapp, who observed plaintiff as alert, pleasant, and cooperative. AR 651. The ALJ found this portion of the evaluation "unremarkable" but disregards Dr. Knapp's opinion that plaintiff was depressed and anxious. AR 649.

In other words, the ALJ's evaluation of plaintiff's subjective testimony is based on improper "cherry-picking" of aspects of the record that support the ALJ's decision. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) The ALJ "has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (*quoting Brown v. Heckler*, 713

1  F.2d 411, 443 (9th Cir. 1983) (per curiam))). The ALJ has failed to do so here, therefore

2  the ALJ has committed harmful error.

3        Regarding the ALJ's second reason, a claimant's participation in everyday

4  activities indicating capacities that are transferable to a work setting may constitute a

5  specific and legitimate reason for discounting a medical opinion. *See Morgan v. Comm'r*

6  *Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999). Yet disability claimants should not

7  be penalized for attempting to lead normal lives in the face of their limitations. *See*

8  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998), citing *Cooper v. Bowen*, 815 F.2d

9  557, 561 (9th Cir.1987) (a disability claimant need not "vegetate in a dark room" in order

10 to be deemed eligible for benefits).

11       Here, the ALJ listed driving, camping, woodworking, attending school, playing

12 musical instruments, and designing artwork for an album inconsistent with plaintiff's

13 testimony regarding his MS symptoms. AR 21, 23-24, 26-28. Besides playing musical

14 instruments, the ALJ does not explain with sufficient specificity how any of these

15 activities contradict Plaintiff's testimony, especially since plaintiff testified that he

16 stopped driving his motorcycle (AR 47-50), he was having difficulty attending school

17 (AR 44), and the record states that plaintiff found camping "too tiring" (AR 836). The ALJ

18 also does not explain how these activities would be transferrable to work setting,

19 therefore the ALJ's finding that plaintiff's activities conflicted with his subjective

20 symptoms was not a clear and convincing reason to discount plaintiff's testimony.

21       With regards to the ALJ's third reason, an ALJ may consider inconsistent

22 statements when evaluating the reliability of a claimant's testimony as a whole. *Fair v.*

23 *Bowen*, 885 F.2d 597, 604 n.4 (9th Cir. 1989). "A single discrepancy fails, however, to

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 12

justify the wholesale dismissal of a claimant's testimony." *Popa v. Berryhill*, 872 F.3d 901, 906-07 (9th Cir. 2017).

Here, the ALJ pointed to plaintiff's testimony that he had stopped using marijuana for a year and a half (AR 64), contradicting the notes in the record that shows plaintiff was using marijuana products as recently as October 2019. AR 491, 649, 708, 648, 708. This finding by the ALJ is supported by the record but this discrepancy is one that that does not "justify the wholesale dismissal of a claimant's testimony," especially since the ALJ's other reasons for discrediting plaintiff's testimony were not supported by substantial evidence. *See Popa*, 466 F.3d at 883–84.

4. <u>Harmless Error</u>

An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

In this case, the ALJ's errors were not harmless because a proper evaluation of Dr. Mesher's opinion and plaintiff's subjective testimony could change the ALJ's assessment of Plaintiff's RFC and may affect the hypotheticals provided to the Vocational Expert.

C. <u>Whether Step Three Findings are Required when the ALJ Evaluates the RFC; and Whether Additional Proceedings Should be Conducted on Remand</u>

Plaintiff argues that the ALJ erred by not specifically including in the RFC her finding that plaintiff had moderate limitations in concentration, persistence, and pace. Dkt. 11, pp. 14-15.

Social Security regulations provide that in assessing disability claims, adjudicators must remember that the limitations identified in the paragraph B criteria "are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." *See* SSR 96-8p.

"Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's RFC." *Bray v. Comm'r of Social Security Admin.*, 554 F.3d 1219, 1222–23 (9th Cir. 2009). In formulating the mental health RFC assessment used at steps 4 and 5 of the sequential evaluation process, the ALJ is required to perform "a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF (Psychiatric Review Technique Form)." SSR 96-8p.

The ALJ's task when assessing the RFC is not to provide an adequate explanation for how the RFC accommodates the ALJ's paragraph B findings, but rather to perform a new, more detailed assessment incorporating *all* the relevant evidence. SSR 96-8p. *See e.g. Israel v. Astrue,* 494 F. App'x 794 (9th Cir. 2012) (noting that the mental limitations identified at step three of the sequential evaluation process are not an RFC assessment, and that the ALJ must consider the step three limitations along with all the relevant evidence in formulating the RFC). Error, if any, was therefore harmless in this case.

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 14

an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

Here, the ALJ erred by improperly evaluating Dr. Mesher's opinion and plaintiff's subjective testimony. There is ambiguity in the record concerning the specific work-related limitations associated with Dr. Mesher's opinion and plaintiff's assertions about his capacity to perform work-related functions. Accordingly, remand for further proceedings is the appropriate remedy. On remand, the ALJ is directed to re-evaluate the opinions of Dr. Mesher and plaintiff's symptom testimony and allow plaintiff to provide additional testimony and evidence, as necessary to clarify the record.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when he determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 22nd day of March, 2022.

Theresa L. Fricke
United States Magistrate Judge